INGLES v. BRYANT.

117 113
f118 129

BILL OF REVIEW—LACHES.

The announcement by the Supreme Court of this State of a decision contrary to that rendered by the court of another State upon a like issue will not entitle one who, in reliance upon the decision of such other court, has consented to the taking of a decree against him, to leave to file a bill of review; at least, not where he delays filing his petition for 20 months after the final decision in this court.

Appeal from Berrien; Buck, J., presiding.   Submitted April 21, 1898.   Decided May 17, 1898.

Bill by Charles H. Ingles and others against Andrew J. Bryant and others to determine the right to the possession of church property.   A consent decree was entered for complainants, and defendants thereafter petitioned for leave to file a bill of review.   From an order denying the petition, defendants appeal.   Affirmed.

*A. A. Worthington,* for complainants.

*Edward Bacon,* for defendants.

MOORE, J.   January 19, 1892, complainants filed their bill of complaint against the defendants.   The appearance of defendants, by their solicitors, was entered in February of the same year.   In June, 1893, a stipulation was signed by the solicitors for the taking of the testimony, the submission of the case, and the taking of a decree.   June 12, 1893, a decree was entered in said cause.   In March, 1896, defendants filed a petition asking for leave to file a bill of review.   This application was denied by the circuit judge, and the case is appealed to this court by the defendants.

117 MICH.—8.

The record shows the litigation to be in relation to which faction of the church of the United Brethren is entitled to hold the church property of the Olive Branch Church at Galien. Between the filing of the bill of complaint and the making of the stipulation, a decision had been rendered in Ohio and one in Indiana which tended to sustain the claim of complainants, and it was doubtless to save further litigation and costs that defendants consented that a decree might be taken in favor of complainants, but without costs against defendants. In December, 1893, the case of *Bear* v. *Heasley*, 98 Mich. 279, was decided in this court. In July, 1894, application for rehearing in that case was denied. It is now claimed by defendants that the decree entered in this cause is contrary to *Bear* v. *Heasley*, and therefore the decree made in 1893 by consent ought to be set aside. It will be noticed that this petition for leave to file a bill of review was not filed until 20 months after the final disposition of *Bear* v. *Heasley*. There is no claim that any fraud was practiced in procuring the decree, and no adequate excuse is shown for the delay in filing this petition. The time for taking an appeal had long since expired. The parties to the controversy knew all about the taking of the decree, and for three years were apparently satisfied with it. We can see no better reason for disturbing this decree than would exist for setting aside judgments taken and acquiesced in by the parties thereto, because, in some opinion rendered later by the Supreme Court, the law might be announced in like cases contrary to what the learned counsel employed in the case and the parties thereto supposed it to be when they consented that judgment might be entered.

We think the learned judge properly denied the prayer of the petitioners.

The other Justices concurred.